UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor, United States<br>Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>COVELLI FAMILY LIMITED<br>PARTNERSHIP and COVELLI FAMILY<br>LIMITED PARTNERSHIP II,<br><br>      Defendants. | **COMPLAINT**<br>(Injunctive Relief Sought) |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter the Act or the FLSA, is brought by the Secretary of Labor, pursuant to Section 17 of the Act, to restrain the Defendants, Covelli Family Limited Partnership and Covelli Family Limited Partnership II, from violating Section 12(c) of the Act, 29 U.S.C. § 212(c).

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this court because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

3. Plaintiff Lori Chavez-DeRemer, the Secretary of Labor, is authorized to bring actions to restrain violations of Section 12 of the FLSA. *See* 29 U.S.C. §§ 215 and 217.

4. Defendants are partnerships organized under the laws of Florida with a principal

office located at 4300 West Cypress Street, Suite 850, Tampa, Florida 33607. Defendants operate numerous Panera Bread franchises across the State of Florida.

5. At all times hereinafter mentioned:

A. Defendants are engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, and employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

C. Therefore, during the period at issue, employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were, therefore, subject to Sections 12 and 15 of the Act, 29 U.S.C. §§ 212 and 215.

6. During calendar years 2021, 2022, and 2023, Defendants repeatedly violated the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and regulations found at 29 C.F.R., Part 570, by employing oppressive child labor, within the meaning of § 3(l) of the Act, 29 U.S.C. § 203(l), in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as aforesaid, in that Defendants employed approximately two-hundred-and-forty (240) minors under the age of 16, in violation of the regulations found at 29 C.F.R., Part 570. These minors worked in the Panera Bread cafes that Defendants operate across the State of Florida, many of which are located in and around Orlando,

Orange County, Florida.

7. All these minors were employed in violation of Child Labor Reg. 3, found at 29 C.F.R. §§ 570.31-.39. Specifically, the minors' employment violated 29 C.F.R. § 570.35, in that the minors worked proscribed hours.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary respectfully requests that the Court enter judgment against Defendants and provide the following relief:

A. Issue an order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from violating the provisions of Section 12(c) of the Act, 29 U.S.C. § 212(c); and

B. Issue an order awarding the Secretary with any other relief the Court deems necessary and appropriate, including the costs of this action.

Respectfully submitted,

JONATHAN SNARE
Acting Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5336
nash.fedcourt@dol.gov
shepherd.matt@dol.gov
nelson.jarrod.c@dol.gov

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

/s/ Jarrod C. Nelson
JARROD C. NELSON
Tennessee Bar No. 039585
Trial Attorney

U. S. Department of Labor
Attorneys for Plaintiff

3