**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LORI CHAVEZ-DEREMER,
Secretary of Labor, United States
Department of Labor,

CASE NO. 6:25-cv-00960

Plaintiff,

v.

COVELLI FAMILY LIMITED
PARTNERSHIP and COVELLI
FAMILY LIMITED PARTNERSHIP, II,

Defendants.
_______________________________________/

**ANSWER AND DEFENSES TO COMPLAINT**

Defendants Covelli Family Limited Partnership and Covelli Family Limited Partnership II (collectively "Covelli"), by counsel, pursuant to Fed. R. Civ. P. 12 and in compliance with the Court's Order (Doc. 19), responds to the Complaint as follows:

**JURISDICTION AND VENUE**

1. Admitted for purposes of jurisdiction only, otherwise denied.

2. Admitted for purposes of venue only, otherwise denied.

**FACTUAL ALLEGATIONS**

3. Without knowledge and therefore denied.

4. Admitted that Covelli is a partnership organized and existing under the laws of Florida and maintains an office at the address described, otherwise denied as alleged.

5.A. Admitted that Covelli is subject to one or more of the provisions of 29 U.S.C. § 203, otherwise denied.

5.B. Admitted that Covelli is subject to one or more of the provisions of 29 U.S.C. § 203, otherwise denied.

5.C. Admitted that Covelli is subject to one or more of the provisions of 29 U.S.C. § 203, otherwise denied.

6. Denied.

7. Denied.

**DEFENSES**

Without conceding that any of the following are affirmative defenses that Covelli has the burden to prove, the following defenses are asserted:

1. The Complaint, together with the Notice of Determination and Imposition of Civil Money Penalty that preceded the filing of the Complaint, fail to identify with specificity the amount of civil money penalty (CMP) determined by Plaintiff, by and through the U.S. Wage & Hour Division (WHD), for each employee or violation; rather the Complaint simply alleges that Covelli "repeatedly violated" certain provisions by allegedly employing "approximately

two-hundred and forty (240) minors under the age of 16" who worked in the "Panera Bread Cafes" operated by Covelli "across the state of Florida, many of which are located in and around Orlando, Orange County, Florida."

2. The "Notice to Employer/Employment of Minor Contrary to Fair Labor Standards Act" forms enclosed with the Notice of Determination and Imposition of Civil Money Penalty that preceded the filing of the Complaint identify only the names of employees, without any itemization or specification of the amount of, or reason for, the CMP assessed for each employee or alleged violation.

3. The Complaint contains no allegations of willful or intentional violation of law committed by Covelli with regard to any of the employees allegedly involved, which is necessary to a determination of the applicable statute of limitations and the amount of any CMP that is or may be imposed.

4. The Complaint contains no allegations or reference to hazardous substances, dangerous equipment, adverse or unsafe environmental conditions, actual injuries sustained by any employee, or any other circumstance, condition or violation necessary for, or supportive of, WHD's alleged entitlement to a CMP.

5. The Complaint contains no employee-specific allegations and no facts are alleged concerning any specific violation, or the employee(s) involved and when the alleged violation(s) occurred, if at all.

6. Any violations, if they occurred at all, were *de minimus* and subject to unusual and extenuating circumstances, including but not limited to Covid-19 pandemic prevailing economic and unprecedented market hardships in the casual or fast-food restaurant industry.

7. The Complaint fails to allege with specificity, as required by 29 CFR § 579.3, the violations for which injunctive relief or a CMP is or may be assessed, especially where, as here, none of the minor employees under the age 16 years were employed in any agricultural, manufacturing or mining occupation, or any occupation found and declared by the Secretary of Labor to be particularly hazardous for the employment of minors under 29 CFR § 570.33.

8. The employees who are the alleged subject of the Complaint were employed by Covelli in an occupation permitted by 29 CFR § 570.34, and any violations were isolated, insignificant, unintentional, or were otherwise the result of reasonable mistake or excuse.

9. The Complaint does not allege or indicate whether any of the employees involved were participants in a Work Experience and Career Exploration Program (WECEP) or a Work Study Program (WSP), which may exempt one or more employees from otherwise applicable regulations.

10. The Complaint fails to exclude or eliminate any applicable exemption to the provisions and requirements of the Fair Labor Standards Act (FLSA).

11. The Complaint does not allege, establish or imply that Covelli failed to act in good faith in the management or compensation of its employees.

12. The allegations of the Complaint are general statements and lack sufficient specificity to permit Covelli to reasonably formulate a response to the allegations against it.

13. The alleged violations of the FLSA described by the Complaint are time-barred because any such violations were non-willful and therefore subject to a two-year statute of limitations, 29 U.S.C. § 255 (a), and the alleged violations, if any, occurred more than two years before the Complaint was filed, and no tolling or similar agreement was entered into by the parties.

14. The Complaint fails to allege that any of the violations were willful and therefore subject to a three-year statute of limitations, 29 U.S.C. § 255 (a), which, even if applicable, would preclude one or more of the alleged violations because they occurred more than three years before the Complaint was filed, and no tolling or similar agreement was entered to by the parties.

15. To the extent that the Complaint purports to allege that any of the violations attributed to Covelli were willful, the Complaint fails to identify or allege any facts to support a finding that Covelli either knew or showed reckless disregard for its conduct, and there is no allegation of Covelli's mental state at the time of the alleged violations, if any.

16. The Complaint does not allege that Covelli acted with reckless disregard of the FLSA's requirements or that Covelli otherwise failed to act upon complaints that employees were not being paid the compensation owed to them or were being employed in violation of the law.

17. The investigation conducted by Plaintiff through WHD, which preceded the filing of the Complaint, did not include any WH-58 or other form required to be supplied or executed as part of the investigation.

18. Any CMP that may be imposed as a consequence of the violations alleged by the Complaint are subject to calculation in accordance with laws, regulations, limits or standards prevailing or that were in effect when the alleged violations, if any, occurred.

19. The alleged violations described by the Complaint are subject to equitable defenses, including waiver and estoppel, because of repeated affirmative representations made by authorized employees or agents of Plaintiff regarding the alleged violations and resulting CMP calculations, on which Covelli reasonably relied to its detriment.

20. Covelli fully, completely, promptly and voluntarily cooperated with Plaintiff in its investigation, including the consistent cooperation and disclosure of all information and records requested to assist in its investigation, and Covelli's communications with Plaintiff's representatives during that investigation

included affirmative assurances that once the investigation was completed, the CMP would be negotiated downward for a much lesser amount, and Covelli reasonably relied upon these assurances and representations to its detriment, such that Plaintiff should be estopped or precluded from abandoning, ignoring or contradicting its earlier declared position and representations.

21. The Complaint was filed after Covelli served an Exception to Notice of Determination and Imposition of Civil Money Penalty with Request for Administrative Hearing, and Covelli served and a separate Request for Administrative Hearing, pursuant to 29 U.S.C. §§ 580.3, 580.4, subject to the Rules of Practice and Procedure for Administrative Hearings before the Office Administrative Law Judges, pursuant to 29 CFR s. 18, and Plaintiff therefore failed to exhaust administrative remedies.

22. The relief requested by Plaintiff in the Complaint is demanded generally and without the specific terms and limitations contained in the proposed "Consent Decree" submitted to the Court with the Joint Motion for Entry of Consent Decree, which was agreed to by the parties.

Certificate of Service

I HEREBY CERTIFY that on the 11th day of November, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

_/s/ *David A. Glenny*___________

David A. Glenny
Florida Bar No.: 371807
DGH LEGAL, PLLC
1333 S.E. 25th Loop, Suite 101
Ocala, Florida 34471
(352) 732-2255 - phone
(352) 351-0166 - fax
glenny@dghlegal.com
*Defendants Covelli Family Limited Partnership and Covelli Family Limited Partnership II*