# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## ORLANDO DIVISION

LORI CHAVEZ-DEREMER,      )
Secretary of Labor,         )        FILE NO.
United States Department of Labor, )
                            )    6:25-cv-960-WWB-RMN
        Plaintiff,         )
                            )
v.                       )
                            )
COVELLI FAMILY LIMITED    )
PARTNERSHIP; and COVELLI   )
FAMILY LIMITED PARTNERSHIP )
II,                       )
                            )
      Defendants.       )

## RENEWED JOINT MOTION TO APPROVE CONSENT DECREE

COMES NOW Plaintiff, Lori Chavez-DeRemer, the Secretary of Labor, U.S. Department of Labor, and Defendants, Covelli Family Limited Partnership and Covelli Family Limited Partnership II, and renew their request for the Court to issue and approve the attached Consent Decree, pursuant to M.D. Fla.'s Local Rule 3.01. As part of the proposed Consent Decree, Defendants agree to be permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the "FLSA", in any of the following manners:

1.     Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4) and Child Labor Reg. 3, 29 C.F.R. §§ 570.31-.38, engage in oppressive child labor as defined by Section 203(l)

of the FLSA, including employing any individual under the age of sixteen (16) in violation of the hours standard, found at 29 C.F.R. § 570.35(a).

2.   Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulations found at 29 C.F.R. § 570.50-.68, employ any individual under the age of eighteen (18) in any occupation deemed particularly hazardous for the employment of minors by the United States Department of Labor.

3.   Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulations found at 29 C.F.R. § 570.119, employ any individual under the age of fourteen (14) under any circumstance.

4.   Defendants shall not, contrary to the provisions of § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee.

Additionally, Defendants agree to pay $600,000 in Civil Money Penalties ("CMPs") for the child labor violations alleged by the Wage and Hour Division in four quarterly installments of $150,000, beginning thirty (30) days after the entry of the Consent Decree and occurring every ninety (90) days thereafter. Defendants also agree to undertake several remedial measures intended to prevent future

2

violations of the child labor provisions of the FLSA. The parties respectfully submit that approval of the order is appropriate.

## I.     The Parties' Proposed Consent Decree is Proper Under the Fair Labor Standards Act.

It is well established that the Secretary of Labor has the right to bring an action for injunctive relief under the FLSA. *Powell v. State of Fla.*, 132 F.3d 677, 678 (11th Cir. 1998). Section 17 of the FLSA empowers district courts to issue injunctions to ensure future compliance with the law. 29 U.S.C. § 217. Injunctions against future violations of the FLSA are a common, traditional remedy for FLSA violations. *Wirtz v. Ocala Gas Company*, 336 F.2d 236, 240 (5th Cir. 1964).

The old Fifth Circuit noted that the unique nature of the FLSA makes injunctions against future violations a particularly necessary enforcement tool:

> The injunction shifts the responsibility for compliance onto the employer's shoulders. Unlike most statutes regulating conduct, the Fair Labor Standards Act does not carry any immediate sanction. In effect it gives each employer one free offense: on proof of violation he is liable at most for repayment of the wages that he originally should have paid his employees, to the extent that the unpaid wages can be proven. This rule may be justified on the basis of avoiding punishment of those who are ignorant of the law or do not believe that it applies to them; but no law can be effectively enforced if individuals are allowed to make repeated violations of it with impunity. One unexplained offense is enough. The Wage and Hour Division cannot reasonably be charged with the responsibility of checking back on past violators to make sure that they are obeying the laws. Fairness and economy of administrative effort both dictate that after an employer has once violated the Act he should bear his own responsibility for the future.

*Goldberg v. Cockrell*, 303 F.2d 811, 814 (5th Cir. 1962). The injunction sought through the proposed consent decree here is within this tradition. It seeks to prevent future violations of the FLSA through a negotiated remedy authorized by

3

the statute. Specific injunctive relief enjoining Defendants from violating the child labor provisions of the FLSA provides an effective enforcement tool to the Secretary in the event Defendants do not comply with the law in the future. If that should occur, the Secretary can bring a contempt action rather than litigate the issues anew. *See Hodgson v. Hotard*, 436 F.2d 1110, 1113-14 (5th Cir. 1971) (Secretary's civil contempt proceeding is part of the original cause of action and proper means for insuring compliance with FLSA); *see also McLaughlin v. McGee Bros. Co. Inc.,* 681 F. Supp. 1117, 1123 (W.D.N.C. 1988) (Defendants fined each day they remained in contempt of injunction enjoining them from violating child labor provisions of FLSA). Courts in other circuits have issued similar injunctions that require employers to comply with the FLSA. S*ee e.g., Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483 (10th Cir. 1985); *Donovan v. Janitorial Services, Inc.*, 672 F.2d 528 (5th Cir. 1982); *Donovan v. Sureway Cleaners*, 656 F.2d 1368 (9th Cir. 1981); *Mitchell v. Fiore*, 470 F.2d 1149 (3d Cir. 1972). The fact that this case involves child labor violations, rather than minimum wage or overtime violations, does not mandate a different result.

## II.   The Parties' Proposed Consent Decree Meets the Requirements of Federal Rule of Civil Procedure 65(d)

Federal Rule of Civil Procedure 65(d) governs the "contents and scope of every injunction and restraining order" that may be issued by a United States District Court. The rule requires an injunction to "state the reasons why it issued; state its terms specifically; and describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed.

4

R. Civ. P. 65(d)(1). Courts have interpreted these requirements to prohibit so-called "obey-the-law" injunctions, which generally bind a defendant to obey already operative laws, exposing them to the risk of contempt charges on vague and uncontemplated behavior. *S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012). However, where a statute prohibits specific behavior, and the defendant clearly knows what behavior is prohibited or required by looking "'within the four corners of the injunction,'" an injunction ordering a defendant to comply with a statute is appropriate. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1362 (11th Cir. 2019) (quoting *Goble*, 682 F.3d at 950-51). The Supreme Court has found the Fair Labor Standards Act ("FLSA") to be such a statute and has upheld consent decrees and injunctions that direct defendants to follow its specific provisions. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *see also Perez v. Gulf Coast Management Co. LLC*, Case No. 14-00426-N., 2015 WL 895098, *10 (S.D. Ala. Mar. 3, 2015) (noting the "lenience shown FLSA injunctions by" the Eleventh and former Fifth Circuit Courts of Appeals). This is not to say that a requested injunction under the FLSA is *prima facie* permissible, but rather that the FLSA's language is well-suited for directed injunctive relief. *See S.E.C. v. Sky Way Global, LLC*, 710 F.Supp.2d 1274, 1284-85 (M.D. Fla. 2010) (denying a categorical exemption to the obey-the-law injunction prohibition for S.E.C. enforcement actions). When evaluating a proposed consent decree or request for an injunction for compliance with Rule 65(d), there is still an inquiry, and "the appropriate inquiry is into the specificity of the language of the decree . . . and

5

[whether] the contemnors kn[o]w their obligations." *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 978 (11th Cir. 1986).

The parties' proposed consent decree meets the above standard. Rather than simply command the Defendants to obey the law in the future, the consent decree outlines specific actions the Defendants must take, or refrain from, under the FLSA and its implementing regulations. These include restrictions on employing any individuals under the age of fourteen, employing individuals under the age of eighteen in occupations deemed particularly hazardous for the employment of minors (a list contained at 29 C.F.R. § 570.50-.68), and on employing individuals under the age of sixteen in violation of the hour standards. These standards direct clear action: the prohibited hours and occupations are obvious, objective, and stated. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 517 (5th Cir. 1969) (finding that order enjoining oppressive child labor, as defined in Section 3(l) of the FLSA, "conformed to the requirements" of Rule 65(d)). Beyond the requirements to follow the terms of these regulations, the proposed consent decree requires additional behavior from Defendants that lend it a high degree of specificity. Defendants will be directed to pay a specific amount of CMPs according to a predefined schedule and must undertake remedial measures such as employing a compliance specialist, submitting compliance reports on a regular schedule, posting signage, setting up a tip-line for FLSA violations, and retraining employees. The consent decree also contains a specially negotiated curative compliance process for future potential violations of the FLSA, in order to avoid

6

unnecessary contempt or other actions in District Court. The terms of the consent decree meet the requirements of Rule 65(d) and avoid the dangers of a general command to obey the law. District Courts throughout the Eleventh Circuit, including this one, have issued similar injunctions pursuant to proposed consent decrees in the past. *See Walsh v. El Tequila's Authentic Mexican Restaurant, Inc.*, Case No.: 6:21-cv-1053-CEM-GJK, 2022 WL 2791809, *1 (M.D. Fla. May 18, 2022) ("In particular, FLSA cases are recognized as appropriate for such injunctions because the terms of the FLSA statute are specific."); *see also Su v. Global K9 Protection Group, LLC*, Case No. 3:22-cv-588-ECM, 2024 WL 4502277, *3 (M.D. Ala. Oct. 16, 2024).

The consent decree's negotiated nature bolsters its propriety. The terms of the decree were arrived at after a long, collaborative negotiation process in which both parties were represented by experienced counsel. The Defendants have agreed to perform or refrain from the behavior specified within the document and understand their obligations under it. The parties believe these terms to be a fair, clear, and executable resolution of the cases at hand.

### III.   Conclusion

Based on the above, the parties respectfully request that the Court issue and approve the proposed Consent Decree.

Respectfully submitted,

By: /s/*David A. Glenny*
DAVID A. GLENNY
Counsel for Defendants

DGH Legal, PLLC
1333 SE 25th Loop, Suite 101
Ocala, Florida 34471

Telephone: 352/732-2255
E-mail: glenny@dghlegal.com

Attorney for Defendant

JONATHAN BERRY
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT SHEPHERD
Counsel for Wage and Hour

By: /s/ *Jarrod C. Nelson*
JARROD C. NELSON
Trial Attorney

United States Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615/238-6843

E-mail: Nash.Fedcourt@dol.gov
E-mail: Nelson.Jarrod.C@dol.gov

## CERTIFICATE OF SERVICE

I certify that on December 19, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Jarrod C. Nelson
JARROD C. NELSON
U. S. Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219