**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**ORLANDO DIVISION**

| | | |
|---|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor, United States<br>Department of Labor, | ) <br> ) <br> ) <br> ) | |
| | ) | 6:25-cv-00960-AGM-RMN |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | |
| COVELLI FAMILY LIMITED<br>PARTNERSHIP and COVELLI FAMILY<br>LIMITED PARTNERSHIP II, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**[PROPOSED] CONSENT DECREE**

This matter is before the Court on the parties' joint motion for entry of consent decree. The Plaintiff, the Secretary of Labor, by and through the Wage and Hour Division, conducted multiple investigations of Defendants, who are franchisees of Panera Bread. Defendants operate approximately fifteen (15) restaurants in and around Orlando, Florida. After concluding its investigations, the Plaintiff notified Defendants that they were employing more than 200 minors in violation of the child labor provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*, hereinafter referred to as "the Act" or "the FLSA." The parties thereafter negotiated this Consent Decree. As more fully described below, this order is intended to resolve multiple actions for civil penalties and to ensure continued compliance with the child labor provisions of the FLSA. The parties have filed a joint motion, requesting that the Court issue and approve this order.

The Court finds that the entry of the order is appropriate and that the parties' joint motion should be granted. It is therefore ORDERED, ADJUDGED and DECREED that the Defendants, the Covelli Family Limited Partnership and the Covelli Family Limited Partnership II,

their agents, servants, employees, and all persons in active concert or participation with them, are

hereby enjoined from violating the FLSA in any of the following manners:

1.      Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of

the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Child Labor Reg. 3, 29 C.F.R. §§ 570.31-.38, engage

in oppressive child labor as defined by Section 203(l) of the Act, including employing any individual

under the age of sixteen (16) in violation of the hours standard, found at 29 C.F.R. § 570.35(a).

2.      Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of

the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulations found at 29 C.F.R. § 570.50-.68, employ

any individual under the age of eighteen (18) in any occupation deemed particularly hazardous for

the employment of minors by the U.S. Department of Labor.

3.      Defendants shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of

the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulation found at 29 C.F.R. § 570.119, employ

any individual under the age of fourteen (14) under any circumstance.

### Recordkeeping and Providing Records to the WHD

4.      Defendants, their agents, officers, managerial employees, and all employees

involved in hiring, shall make, keep, and preserve records showing the wages, hours, and other

conditions of work for each of their employees in accordance with 29 U.S.C. § 211(c), including

accurate records of the date of birth submitted for all employees under the age of 19 in accordance

with 29 C.F.R. § 516.2(a)(3). Defendants shall make such records available to representatives of the

Plaintiff within 72 hours following proper and reasonable notice from the Wage and Hour Division,

unless otherwise specified and/or agreed by the Defendants and the Wage and Hour Division.

### Identification of Hazardous Equipment

5.      Within 30 days of entry of this Consent Decree, Defendants shall audit the

machinery at all its restaurants in order to determine which machinery constitutes hazardous

equipment pursuant to Hazardous Occupation Orders found at 29 C.F.R. § 570.50-.68, and, if not already present, shall cause to be affixed special stickers, as found in the Wage and Hour Division's Tools for Employers in the Youth Employment Compliance Assistance Toolkit (available at https://www.dol.gov/agencies/whd/youthrules/young-worker-toolkit), to alert all workers that no one under eighteen (18) years of age may operate said equipment.

<u>**Identification of Workers Employed in Violation of**</u><br><u>**the FLSA's Child Labor Provisions**</u>

6.      Within 60 days of entry of this Consent Decree, Defendants shall identify all employees performing work in Defendants' restaurants in violation of the child labor provisions of the FLSA, including but not limited to the hours standard found at 29 C.F.R. § 570.35(a), and implement appropriate measures to prevent any future violations.

<u>**Mandatory Training for Defendants' Employees**</u>

7.      Within 60 days of entry of this Consent Decree, Defendants shall review and enhance its existing policies and training materials that relate to compliance with the child labor provisions of the FLSA and the regulations promulgated thereunder. Further, Defendants shall incorporate any changes to the policies and training materials in its management training programs and training for any employee engaged in on-boarding or hiring new employees at any of Defendants' restaurants. Defendants shall have such training materials properly translated for employees with limited English proficiency. These materials shall also be provided to the compliance specialist, discussed below, to aid the compliance specialist in carrying out the required trainings during the period that the compliance specialist is required to conduct such trainings.

<u>**Compliance Specialist**</u>

8.      Within 90 days of entry of this Consent Decree, Defendants shall either hire a third-party consultant or compliance specialist (hereinafter the "compliance specialist") with

3

knowledge and experience in the requirements of the FLSA's child labor provisions or, more broadly, experience and expertise in assisting workers in the restaurant industry understand their rights under the FLSA or designate a qualified human resources managerial employee to act in the capacity of compliance specialist for Defendants. The compliance specialist shall be in a position to provide materials and information in the written and spoken language predominantly used by employees or shall use an appropriate interpreter or translator, if necessary, when interacting with employees.

9.      The compliance specialist shall provide semi-annual child labor compliance training to all management personnel at Defendants' restaurants for a period of three years. Defendants shall also train new managers as part of its onboarding process during this period as well. The trainings carried out by the compliance specialist under this paragraph, as well as the Defendants' training for new managers as part of the onboarding process required under this paragraph, shall incorporate the policies and training materials reviewed pursuant to paragraph 7.  Defendants shall be responsible for ensuring that their policies and training materials reflect up-to-date requirements for the employment of minors. Defendants shall maintain training logs reflecting the nature of the training, the participants, and the date(s) of the training.

10.      Prior to any training, the compliance specialist shall work with Defendants to review and suggest revisions concerning Defendants' policies and procedures to assist Defendants in complying with the FLSA's child labor provisions, and Defendants shall confer with the compliance specialist regarding all recommended changes to Defendants' policies and procedures.

11.      The compliance specialist also shall monitor and audit Defendants' compliance with the child labor provisions of the FLSA at all Defendants' restaurants for a period of three years and shall report any concerns regarding non-compliance with these provisions to Defendants' designated officials. Monitoring shall include at least six (6) unannounced site visits per year, review of records, interviews of managers and non-supervisory employees, evaluation of training procedures,

and additional steps to achieve compliance, as determined by the compliance specialist. Forms I-9 cannot be used to show compliance with Section 12 of the FLSA nor can they be used to come into compliance with Section 12 of the FLSA. The monitoring and auditing process required by this paragraph shall ensure that Defendants have used good faith efforts to determine if they are employing unlawful child labor under the FLSA. For example, this means that the Defendants must do more than simply accept a child's proof of age at face value or a manager's assertion that children are not working outside of permitted hours at a particular restaurant. Defendants, in consultation with the compliance specialist, may consider, for example, how to gather valuable information from front-line supervisors or others who interact directly with workers and would be in a position to suspect when a worker may not be employed in compliance with the FLSA's child labor requirements.

12.    Within 30 days of retention or designation, the compliance specialist shall review the Wage and Hour Division's Youth Employment Compliance Assistance Toolkit (available at https://www.dol.gov/agencies/whd/youthrules/young-worker-toolkit), as well as other resources that the compliance specialist deems appropriate, to determine which materials should be used in the training of Defendants' managers and within 90 days of retention shall carry out, at minimum, the first such training. The compliance specialist shall complete the first round of mandatory training of management personnel at each of Defendants' restaurants within 90 days of retention. In conjunction with Defendants, the compliance specialist shall maintain training logs reflecting the nature of the training, participants, and the date(s) of training. These records shall be made available to representatives of the Wage and Hour Division upon request.

13.    Within 60 days of retention or designation, the compliance specialist shall complete review of Defendants' audit of machinery at all restaurants (conducted by Defendants within 30 days of the entry of this Consent Decree, as specified above) to verify that Defendants correctly determined which machinery constitutes hazardous equipment pursuant to Hazardous

5

Occupation Orders, 29 C.F.R. §§ 570.50-.68, and correctly affixed special stickers, as found in the Wage and Hour Division's Tools for Employers in the Youth Employment Compliance Assistance Toolkit (available at https://www.dol.gov/agencies/whd/youthrules/young-worker-toolkit) to alert all workers that no one under 18 years of age may operate the equipment.

**Tip Line and Notice of Violations**

14.     Within 30 days of entry of this Consent Decree, Defendants shall establish a toll-free number that any person may use to seek guidance or to report possible compliance issues with the child labor provisions of the FLSA on an anonymous basis.  All such requests for guidance or reports shall be furnished directly to the compliance specialist within 7 calendar days. Defendants may use an existing toll-free telephone line to comply with this provision of the Consent Decree, on the condition that any reports of suspected child labor violations will be routed to the compliance specialist. The Defendants shall monitor and maintain the tip line for a minimum of three years following the entry of the Consent Decree.

15.     Notices informing employees and other workers at restaurants operated by Defendants of the toll-free number shall be posted in conspicuous places, such as rooms and bulletin boards provided for employee notices, so as to be readily accessible to employees. The notices shall be posted in English and Spanish, as well as any language predominantly spoken and understood by employees at that particular facility, within 15 days after confirmation that the toll-free number is set up to receive anonymous reports regarding alleged child labor issues under the FLSA.

16.     The compliance specialist shall promptly investigate and document each complaint, concern and/or report that is received and shall make recommendations to Defendants regarding timely corrective actions, to the extent any are warranted. Defendants shall document and maintain records regarding any corrective action. Such documentation shall be made reasonably available for review and copying upon request by the Wage and Hour Division.

**Defendants' Opportunity to Cure Violations**

17.    The following provisions shall apply to Defendants' opportunity to cure child labor violations that are discovered after the entry of this Consent Decree:

(a)    Notification by Compliance Specialist:    Beginning with the compliance specialist's retention or designation and continuing for the three-year period, upon notification of any child labor violation by the compliance specialist to Defendants, Defendants shall have 48 hours, or any such longer period agreed upon by Defendants and the Wage and Hour Division, to cure the reported child labor violation. In the event that Defendants cure such violations within 48 hours, or any such longer period agreed upon by the Defendants and the Wage and Hour Division, such alleged violations shall not serve as the basis for a contempt action of this Consent Decree or any action under § 12 of the FLSA, provided that the violation did not result in an injury to a minor. If there was an injury, the Plaintiff may seek contempt sanctions even if Defendants cure the violation.

(b)    For purposes of this Consent Decree, to "cure" means to ensure that any minors identified are not employed in violation of § 12 of the FLSA after notification by the compliance specialist.

18.    Should the compliance specialist identify any child labor violations, Defendants shall notify the Wage and Hour Division of the violation within 10 business days. Within this same period, Defendants shall also report to the Wage and Hour Division the steps they have taken to cure such violation, if any. The Wage and Hour Division may assess civil money penalties for any violations that are found, even those violations that Defendants cure.

## Compliance Reports

19.    Within 180 days of being retained or designated, the compliance specialist shall submit an initial report to the Wage and Hour Division outlining the steps taken to comply with the requirements of this Consent Decree, including the time spent on said work.

20.    The initial report shall also summarize the compliance specialist's findings and include a summarizing restatement of any violations found during this 180-day period, copies of any training logs created by Defendants in conjunction with the compliance specialist, along with a summary of training materials presented and substance of the training, and summaries of information received through the toll-free tip line.

21.    After the initial report referenced in paragraph 20, the compliance specialist shall submit annual reports to the Wage and Hour Division, due after the second and third anniversary of the execution of this Consent Decree, relating to the three years that the compliance specialist is retained. These annual reports shall contain a summary of actions taken by the compliance specialist in carrying out the requirements of paragraphs 8 through 13 of this Consent Decree, a summarizing restatement of any violations found during the preceding year, copies of any training logs created by Defendants in conjunction with the compliance specialist, and summaries of information regarding alleged unlawful child labor received through the tip line referenced in paragraph 14 (excluding materials and information submitted in the initial report described in paragraph 20). Nothing in paragraphs 19-21 shall relieve Defendants of their ongoing obligation to comply with Section 12 of the FLSA, and paragraphs 1-3 of this Consent Decree.

## Mandatory Disciplinary Sanctions for Management Personnel

22.    Defendants shall impose disciplinary sanctions, including termination and/or suspension, upon any manager responsible for child labor violations or for retaliation against any employee reporting suspected child labor violations occurring after the date of the execution of this

8

Consent Decree. This includes any manager who is or becomes aware of child labor violations and fails to report such violations. Consistent with paragraphs 25 through 26 below, Defendants shall not take any retaliatory action against an employee, including another manager, who reports such violation, as retaliation would violation Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

### Visible Markers to Identify Employees Under the Age of Sixteen

23.    Within 30 days of entry of this Consent Decree, Defendants shall require all employees under the age of 16 to wear a color-coded nametag or other visible marker to alert other employees in the restaurant, including supervisors, that the employee is under the age of 16 and may not work in violation of the hours standard, found at 29 C.F.R. § 570.35.

### Unannounced Entry and Inspection by the WHD

24.    Plaintiff specifically reserves the right to investigate Defendants' future compliance with the terms of this Consent Decree and any subsequent claims of Defendants employing oppressive child labor. Defendants agree to permit unannounced entry in any of its restaurants for the purposes of investigation by the Wage and Hour Division, in accordance with Plaintiff's power of investigation under § 11(a) of the FLSA, 29 U.S.C. § 211(a), without requiring a warrant. Defendants further agree to produce all documents requested by the Wage and Hour Division within 72 hours without requiring a subpoena. The provisions of this paragraph shall remain in effect for a period of five years from the date of the entry of this Consent Decree.

### Retaliation

25.    Defendants shall not take any retaliatory action against any of its employees, including family members or guardians of minor children employed by Defendants, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), because an employee has filed any complaint or  instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry

9

committee. These circumstances will be understood, for example, to apply when an employee has spoken with or otherwise consulted with a compliance specialist, when an employee has spoken with or otherwise cooperated with the Wage and Hour Division or other agency of the U.S. Department of Labor, or when an employee has cooperated in a Department investigation.

26.    Prohibited retaliatory action includes, but is not limited to, reporting or threatening to report, directly or indirectly, any such individual to law enforcement agencies based on the person's actual or perceived immigration status or initiating an internal I-9 audit or other reverification process for the purpose of retaliating against any worker or chilling that worker's rights under the FLSA or other federal statute. It shall not be considered a retaliatory action to terminate any individual whose age cannot be verified or confirmed, in whole or in part, upon review of any provided documentation.

### Notice of Rights

27.    Defendants shall post this Consent Decree at each of its restaurants where employee notices are customarily posted, and it shall remain posted for a period of not less than 60 days. Defendants shall provide the Wage and Hour Fact Sheet # 43 regarding the child labor provisions of the FLSA, Fact Sheet # 77A regarding the prohibition of retaliation under the FLSA, and the "Employer Pocket Guide on Youth Employment" to each of its employees in the language used by the employee, to the extent such translation is available on the Department of Labor's website, and shall otherwise maintain all existing postings required by the U.S. Department of Labor. These materials shall be provided to employees within the next sixty (60) days.

### Civil Money Penalties

28.    Defendants shall pay $600,000 in Civil Money Penalties ("CMPs") for the child labor violations alleged by the Wage and Hour Division in Case Nos. 1983171, 1977639, 1983172, 1981759, 1983173, 1983362, 1983363, 1981760, 1981761, 1983365, 1983366, 1983369,

1983372, 1983374, and 1983376. The Defendants shall pay the CMPs online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/75522411 or by going to www.pay.gov and searching "WHD CMP Payment - SE Region." The CMPs shall be paid in four quarterly installments of $150,000, beginning thirty (30) days after the entry of this Consent Decree and occurring every ninety (90) days thereafter until concluded. The CMPs shall not be subject to an interest charge.

## Costs

29.     Each party shall bear such other of its own costs and attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

30.     By entering into this Consent Decree, the parties acknowledge that the provisions contained herein are not intended to and do not bind Plaintiff and/or Defendants relating to any third party (*i.e.*, any individual and/or entity that is not a party to this Consent Decree). The parties specifically do not waive any claims, defenses, rights and/or legal positions available under applicable law, including any argument as to what evidence may be presented during any such proceedings, unless such are expressly waived in this Consent Decree. This applies both to any subsequent or future proceeding relating to this Consent Decree and to the parties' obligations thereunder, as well as to any future investigation and/or claims that Plaintiff may bring, including but not limited to additional claims of oppressive child labor, compliance or enforcement actions regarding the terms of this Consent Decree, contempt proceedings, and/or demands for civil money penalties, as to all of which the parties fully reserve their rights to contest and/or litigate.

_____
UNITED STATES DISTRICT JUDGE

11

*Approved for Entry:*

By: *s/Kevin Ricci*
    KEVIN RICCI

Covelli Family Limited Partnership
Covelli Family Limited Partnership II
4300 West Cypress Street, Suite 850
Tampa, Florida 33607


By: *s/David A. Glenny*
    DAVID A. GLENNY
    Counsel for Defendants

DGH Legal, PLLC
1333 SE 25th Loop, Suite 101
Ocala, Florida 34471

Telephone:  352/732-2255
E-mail:  glenney@dgnlegal.com

JONATHAN L. SNARE
Acting Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

By: *s/Jarrod C. Nelson*
    JARROD C. NELSON
    Trial Attorney

United States Department of Labor
Office of the Solicitor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone:  615/781-5330

E-mail:  NASH.Fedcourt@dol.gov
E-mail:  Nelson.Jarrod.C@dol.gov

Attorneys for Plaintiff